Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| OCTAVIO SALAS CORDERO<br><br>Parte Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Parte Recurrida | KLRA202300241 | *Revisión de Decisión Administrativa* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Número: 146670<br><br>Sobre:<br>No Concesión del Privilegio de Libertad Bajo Palabra |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

Comparece ante nos el señor Octavio Salas Cordero (recurrente o señor Salas Cordero), representado por la Sociedad para Asistencia Legal (SAL), y nos solicita que revoquemos la *Resolución* emitida y notificada el 25 de abril de 2023, por la Junta de Libertad Bajo Palabra (Junta). Mediante el referido dictamen, la Junta declaró No Ha Lugar la solicitud en reconsideración presentada por el señor Salas Cordero, en la cual solicitaba le concedieran el privilegio de libertad bajo palabra.

Con el beneficio de la comparecencia de la Junta, representados por el Procurador General de Puerto Rico, resolvemos.

**I.**

El recurrido actualmente se encuentra en la Institución Correccional 501 de Bayamón, cumpliendo una sentencia de ciento once (111) años por los delitos de asesinato en primer grado y violación a la Ley de Armas. Inicialmente el señor Salas Cordero fue clasificado a custodia máxima. Para el 13 de febrero de 2020, por

orden del Tribunal, fue reclasificado de manera no rutinaria a custodia mediana. La Junta adquirió jurisdicción sobre su caso el 3 de septiembre de 2021. El 16 de febrero de 2023, fue reclasificado a custodia mínima, por este haber cumplido con varios tratamientos y talleres y por demostrar introspección, crecimiento personal y su funcionamiento bajo medidas de mínima supervisión.[1]

El 14 de diciembre de 2022, un técnico sociopenal sometió ante la Junta un *Informe Breve de Libertad Bajo Palabra*, en el cual surge que el recurrente proponía residir con su hermano, en Georgia, Estados Unidos.[2] El 16 de febrero de 2023, el Comité de Clasificación y Tratamiento (Comité de Clasificación) realizó una reclasificación de custodia al señor Salas Cordero de custodia mediana a custodia mínima. Esto, pues según surge de los *Acuerdos del Comité de Clasificación y Tratamiento[3]*, el señor Salas Cordero "no ha incurrido en querellas ni informes negativos en los últimos 11 años". Además, surge que "[l]a conducta actual refleja la adaptación del confinado al encarcelamiento y que ha ganado madurez y sentido de responsabilidad, aunque se benefició al máximo de los programas de tratamientos que en las instituciones se ofrecen tales como [Patrones] Adictivos (30/06/19), Terapias de Control de Impulso (9/12/20), Aprendiendo a Vivir sin Violencia (12/10/21), demuestra compromiso con reforzar y continuar con el Plan Institucional que se le continúe asignando".

El 22 de febrero de 2023, se celebró una vista de consideración para el disfrute del privilegio de libertad bajo palabra a la cual el señor Salas Cordero compareció, representado por la SAL. En la vista se atendieron alegaciones de índole constitucional, ya que el representante legal de las víctimas arguyó que el

---

[1] Véase, Apéndice de la *Petición de Revisión Administrativa,* págs. 24-29.
[2] Véase, Apéndice de la *Petición de Revisión Administrativa,* págs. 18-22.
[3] Véase, Apéndice de la *Petición de Revisión Administrativa,* pág. 23.

recurrente no había cumplido el mínimo de sentencia para celebrar el proceso de libertad bajo palabra. Surge del expediente que el tribunal confirmó, a través del personal del área de récord criminal del DCR que el señor Salas Cordero sí cumplía con el mínimo de sentencia para que la Junta pudiese considerar el caso.

A tales efectos, la Junta emitió una *Resolución* el 14 de marzo de 2023, notificada el 3 de abril de 2023, en la cual determinó no conceder el privilegio de libertad bajo palabra al señor Salas Cordero.[4] En específico, la Junta dispuso lo siguiente:

> "[…] en el caso que nos ocupa, entendemos que el peticionario aún no es buen candidato para merecer el privilegio de libertad bajo palabra. El peticionario no presentó una oferta de empleo, planes de estudio ni un candidato amigo consejero para la corroboración del Negociado de Comunidad del DCR."

A su vez la Junta, formuló las siguientes determinaciones de hechos:

1. Surge del expediente que el peticionario no presentó una oferta de empleo, ni un candidato amigo y consejero para la corroboración del Negociado de Comunidad del DCR.
2. Surge del expediente que el peticionario posee una residencia corroborada por el Programa de Reciprocidad del DCR.
3. El peticionario posee una carta de aceptación para el estado de Georgia, USA emitida el 15 de diciembre de 2022.
4. El peticionario se encuentra clasificado en custodia mínima desde el 16 de febrero de 2023.
5. Surge del expediente que el peticionario completó trastornos adictivos el 30 de junio de 2019.
6. El peticionario completó el Programa Aprendiendo a Vivir Sin Violencia el 12 de octubre de 2021.
7. El peticionario completó las terapias de Control de Impulsos el 9 de diciembre de 2020.
8. El peticionario posee la toma de muestra de ADN efectuada el 29 de mayo de 2012, conforme la Ley 175-1998.
9. Se tomó en consideración la opinión de las víctimas.
10. Se tomó en consideración la naturaleza y circunstancias de los delitos, por los cuales cumple sentencia.

En desacuerdo con la determinación de la Junta, el 10 de abril de 2023, el señor Salas Cordero presentó una *Moción de*

---

[4] Véase, Apéndice de la *Petición de Revisión Administrativa*, págs. 38-41.

*Reconsideración.*[5] En síntesis, alegó que la determinación de la Junta era errada y constituía un abuso de discreción, pues la prueba que surgía del expediente demostraba que el señor Salas Cordero cumplía con los criterios de elegibilidad al amparo del estado de derecho vigente. Explicó que desde el 17 de enero de 2023, fue enviada la oferta de empleo ofrecida al técnico sociopenal, el Sr. William Guzmán Andino y que éste último envió copia a la Junta, recibido el 24 de enero de 2023. Además, alegó que no hay controversia en cuanto a que el *Plan de Salida* del señor Salas Cordero es para Georgia, y que el mismo fue aceptado por dicho estado luego de una investigación y evaluación por el programa de reciprocidad que existe en virtud del pacto interestatal entre la jurisdicción de Georgia y Puerto Rico.

El 25 de abril de 2023, la Junta emitió una *Resolución* en la que declaró No Ha Lugar la *Moción de Reconsideración* presentada por el señor Salas Cordero.[6]

Aun inconforme, el 25 de mayo de 2023, el señor Salas Cordero acudió ante este Tribunal de Apelaciones mediante *Petición de Revisión Administrativa* y apuntó el siguiente señalamiento de error:

> Abusó de su discreción y actuó de forma *ultra vires* la Junta de Libertad Bajo Palabra al denegar el privilegio de libertad a prueba al alegadamente no poseer amigo consejero ni oferta de empleo cuando el peticionario fue aceptado en el programa interestatal que no requiere amigo consejero como tampoco la ley de la Junta y presentó oferta de empleo antes de la vista de concesión al denegar el [privilegio] sin estar fundamentada su determinación en evidencia sustancial en violación al debido proceso de ley.

El 26 de junio de 2023, la Junta, representada por la Oficina del Procurador General de Puerto Rico, presentó su *Escrito en Cumplimiento de Resolución*. El 12 de julio de 2023, el recurrente

---

[5] Véase, Apéndice de la *Petición de Revisión Administrativa,* págs. 42-55.
[6] Véase, Apéndice de la *Petición de Revisión Administrativa,* págs. 68-69.

presentó *Moción Urgente en Solicitud de Remedio al Amparo del Debido Proceso de Ley.*

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**-A-**

Es doctrina reiterada que las decisiones de los organismos administrativos merecen la mayor deferencia judicial.[7] Ello, en vista al gran conocimiento especializado y experiencia que las agencias ostentan.[8] Esta deferencia se debe a que son estos los que cuentan con el conocimiento experto y con la experiencia especializada de los asuntos que les son encomendados.[9]

Así pues, la decisión de una agencia administrativa gozará de una presunción de legalidad y corrección que será respetada, siempre que la parte que la impugna no produzca evidencia suficiente para rebatirla.[10] El criterio rector para la revisión de este tipo de determinación es el de razonabilidad, esto es, si la actuación de la agencia fue ilegal, arbitraria, o tan irrazonable que constituye un abuso de discreción.[11]

A su vez, la revisión usualmente comprende las siguientes áreas: (1) si se concedió el remedio apropiado; (2) si las determinaciones de hechos son conformes al principio de evidencia sustancial que obre en el expediente administrativo; y (3) si las conclusiones de derecho son correctas.[12]

---

[7] *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 839 (2021); *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 126 (2019); *OSC v. CODEPOLA*, 202 DPR 842, 853 (2019).
[8] *OCS v. Universal*, 187 DPR 164, 178 (2012); *Pagán Santiago, et al. v. ASR*, 185 DPR 341, 358 (2012).
[9] *OEG v. Martínez Giraud*, 210 DPR 79 (2022); The *Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 821 (2012); *Accumail P.R. v. Junta Sub. A.A.A.*, 170 DPR 821, 829 (2007); *Mun. San Juan v. Plaza Las Américas*, 169 DPR 310, 324 (2006); *Otero v. Toyota*, 163 DPR 716, 727 (2005); *Rebollo v. Yiyi Motors*, 161 DPR 69 (2004).
[10] *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012).
[11] *Íd.*, pág. 216.
[12] *Moreno Lorenzo y otros v. Depto. Fam.*, supra, págs. 839-840; *Asoc. Fcias. v. Caribe Specialty, et al. II*, 179 DPR 923, 940 (2009).

**B.**

La Ley Núm. 118 de 22 de julio de 1974, según enmendada, 4 LPRA sec. 1501, *et seq.* creó la Junta de Libertad Bajo Palabra, adscrita al Departamento de Corrección y Rehabilitación. Entre los poderes conferidos a la Junta está el decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico. De igual forma, en el uso de su discreción, la Junta tendrá facultad para revocar la libertad bajo palabra a cualquier liberado que, por su conducta, revele no estar aún preparado para beneficiarse plenamente del privilegio y el tratamiento que implica la libertad bajo palabra.[13]

De esta forma, este organismo tiene la autoridad de conceder a cualquier persona recluida en una institución correccional de Puerto Rico el privilegio de cumplir la última parte de su condena en libertad bajo palabra.[14] Al conceder el privilegio, la Junta puede imponer las condiciones que estime necesarias.[15] Así, el liberado bajo palabra tiene una libertad cualificada.[16]

Cónsono con lo anterior, la Ley Núm. 85-2022 enmendó el Artículo 308 de la Ley Núm. 146-2012, conocida como el Código Penal de Puerto Rico, 33 LPRA sec. 5416, a los fines de disponer los criterios para cualificar para la Junta de Libertad Bajo Palabra. Surge de la *Exposición de Motivos* que su objetivo es "establecer una manera justa, retributiva y rehabilitadora, que le permita a aquella persona convicta por varios delitos el poder ser considerada para libertad bajo palabra al cumplir con los términos de la sentencia más onerosa relacionada directamente con alguno de los delitos por los cuales fue encontrado culpable".[17]

---

[13] Artículo 3 (a) y (b), 4 LPRA sec. 1503.
[14] *Benítez Nieves v. ELA et al.,* 202 DPR 818 (2019).
[15] Art. 3, Ley Núm. 118, supra, 4 LPRA sec. 1503.
[16] *Benítez Nieves v. ELA et al., supra; Maldonado Elías v. González Rivera,* 118 DPR 260, 266 (1987).
[17] Véase, Exposición de Motivos de la Ley Núm. 85-2022.

Respecto a la enmienda al Artículo 308 del Código Penal, *supra,* la Sección 1 de la Ley Núm. 85-2022 dispone lo siguiente:

Toda persona convicta bajo las disposiciones de este Código podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir el setenta y cinco por ciento (75%) del término de reclusión impuesto. Este cómputo nunca excederá de quince (15) años cuando se trate de un adulto o de cinco (5) años cuando se trate de un menor sentenciado y procesado como adulto en delitos para los cuales al realizarse el cómputo jurisdiccional para cualificar ante la consideración de la Junta de Libertad Bajo Palabra este sea mayor a lo requerido para delitos con pena fija señalada en el tipo de cincuenta (50) años.

[...]

En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva, la persona convicta tendrá derecho a cualificar para libertad bajo palabra al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos. Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial.

En cuanto a los criterios específicos que la Junta debe considerar al momento de considerar el privilegio, el Artículo 3-D de la Ley Núm. 118, establece los siguientes:

(1) La naturaleza y circunstancias del delito o delitos por los cuales cumple sentencia.

(2) Las veces que el confinado haya sido convicto y sentenciado.

(3) Una relación de liquidación de la sentencia o sentencias que cumple el confinado.

(4) La totalidad del expediente penal, social, y los informes médicos e informes por cualquier profesional de la salud mental, sobre el confinado.

(5) El de ajuste institucional y del social y psicológico del confinado, preparado por la Administración de Corrección y el médico y psiquiátrico preparado por Salud Correccional del Departamento de Salud.

(6) La edad del confinado.

(7) El o los tratamientos para condiciones de salud que reciba el confinado.

(8) **La opinión de la víctima.**

(9) Planes de estudios, adiestramiento vocacional o estudio y trabajo del confinado.

(10) Lugar en el que piensa residir el confinado y la actitud de dicha comunidad, de serle concedida la libertad bajo palabra.

(11) Cualquier otra consideración meritoria que la Junta haya dispuesto mediante reglamento.

La Junta tendrá la discreción para considerar los mencionados criterios según estime conveniente y emitirá resolución escrita con determinaciones de hechos y conclusiones de derecho. (Énfasis nuestro).

En relación a los hechos de este caso, el Artículo 3-B de la Ley Núm. 118 establece los derechos de las víctimas del delito al momento de la consideración de la concesión o modificación del privilegio de libertad bajo palabra. Estos incluyen los siguientes:

(a) Recibir un trato digno, compasivo y respetuoso por parte de todos los miembros de la Junta y los empleados de dicha entidad. Comparecer y ser escuchado, ya sea oralmente o por escrito a su discreción, para presentar ante los miembros de la Junta o del panel correspondiente de la Junta su opinión sobre:
1. El proceso de rehabilitación y la determinación que en su momento deba tomarse con relación al beneficio del privilegio, y/o
2. **el impacto económico, emocional o físico que ha causado la comisión del delito sobre la víctima y su familia.**
(b) Estar presente como observador en la vista.
(c) Mediante solicitud al efecto, testificar en la vista en ausencia del liberado o confinado. (Énfasis nuestro).

[...]

Además, el legislador hizo constar en el Artículo 5 de la Ley Núm. 118, *supra*, que la Junta tiene la autoridad de promulgar las reglas y reglamentos que crea convenientes para el mejor cumplimiento de las disposiciones de ese artículo.[18] En virtud de ello, el 18 de noviembre de 2020, la agencia aprobó el Reglamento Núm. 9232, mejor conocido como *Reglamento de la Junta de Libertad Bajo Palabra* (Reglamento Núm. 9232).

---

[18] *Benítez Nieves v. ELA et al.*, supra.

En lo pertinente, el Artículo X, Sección 10.1 del Reglamento Núm. 9232, establece los Criterios para Elegibilidad, a saber:

A. La Junta evaluará las solicitudes del privilegio, caso a caso, conforme al grado de rehabilitación y ajuste que presente el peticionario durante el término que ha estado en reclusión.

B. Al evaluar los casos, la Junta tomará en consideración los siguientes criterios con relación al peticionario:

1. Historial delictivo
   a. La totalidad del expediente penal.
   b. Los antecedentes penales. Se entenderá por antecedentes penales las veces que un peticionario haya sido convicto y sentenciado.
   c. No se tomarán en consideración aquellos delitos en los cuales hayan transcurrido tres (3) años desde que el peticionario cumplió la sentencia.
   d. Naturaleza y circunstancias del delito, por el cual cumple sentencia, incluyendo el grado de fuerza o violencia utilizado en la comisión del delito.
   e. Si cumplió con el pago de la pena especial para el Fondo de Compensación y Servicios a las víctimas y Testigos de delito, dispuesta en el Artículo 48 (i) del Código Penal de 2012, en los casos que aplique.
   f. Si existe una orden de detención ("detainer") emitida por cualquier estado de los Estados Unidos, el tribunal federal, el gobierno federal y/o del Servicio de Inmigración y Naturalización.
      i. El sólo hecho de que exista una orden de detención ("detainer") contra un peticionario no será fundamento para denegar la libertad bajo palabra siempre y cuando el peticionario cumpla con todos los demás criterios.
2. Una relación de liquidación de la(s) sentencia(s) que cumple el peticionario.
3. La clasificación de custodia, el tiempo que lleva en dicha clasificación y si hubo cambio de clasificación y las razones para ello.
   a. La Junta no concederá libertad bajo palabra cuando el peticionario se encuentre en custodia máxima.
4. La edad del peticionario.

5. La opinión de la víctima.

    a.   La opinión de la víctima constituye un factor a ser considerado por la Junta, pero la determinación sobre el grado de rehabilitación de un peticionario y si está capacitado para continuar cumpliendo su sentencia en la libre comunidad es prerrogativa de la Junta.

6. El historial social

    a.   Se tomará en consideración la totalidad del expediente social.

    b.   Si anteriormente ha estado en libertad bajo palabra, libertad a prueba o cualquier otro programa de desvío.

        i.   Cumplimiento y ajustes Institucionales

        ii.   Si se le revocó la libertad bajo palabra, libertad a prueba o cualquier otro programa de desvío.

        iii.   No se tomará en consideración una revocación si han transcurrido tres (3) años desde la fecha en que se revocó la libertad bajo palabra, libertad a prueba o cualquier otro programa de desvío.

    c.   El historial de ajuste institucional y el historial social preparado por el Departamento de Corrección y Rehabilitación.

    d.   Si se le han impuesto medidas disciplinarias, disponiéndose que no se tomarán en consideración aquellas medidas disciplinarias en las cuales ha transcurrido un (1) año desde la fecha en que se impuso dicha medida disciplinaria.

    e.   El historial de trabajo y/o estudio realizado en la institución.

    f.   En los casos contemplados en el Artículo VII, Sección 7.4 de este Reglamento, el peticionario debe haber observado buena conducta en la institución por un lapso razonable de tiempo que no será menor de un (1) año natural, ininterrumpido, a la fecha de cumplir con las condiciones para el privilegio.

7. Si cuenta con un plan de salida estructurado y viable en las áreas de oferta de empleo y/o estudio, residencia y amigo consejero.

a. El plan de salida podrá ser en Puerto Rico, en cualquier estado de los Estados Unidos o en cualquier otro país que tenga un tratado de reciprocidad con Estados Unidos.

b. Cuando el plan de salida propuesto sea fuera de la jurisdicción del Gobierno de Puerto Rico:

    i. El peticionario proveerá la dirección física del lugar donde propone residir, de concederle la libertad bajo palabra, el nombre y número de teléfono, correo electrónico de la persona con la cual residirá y su relación con el peticionario.

    ii. [...]

c. [...]

d. Oferta de empleo y/o estudio.

    i. Todo peticionario deberá proveer una oferta de empleo o, en la alternativa, un plan de estudios adiestramiento vocacional o estudio y trabajo.

    ii. La oferta de empleo se presentará mediante carta suscrita por la persona que extiende la oferta de empleo al peticionario, incluyendo la siguiente información:

        a. Nombre completo, dirección postal, física, electrónica y teléfono(s) de la persona que ofrece el empleo.

[...]

En cuanto a la concesión o denegatoria del privilegio, la Sección 12.3 (B) del Reglamento dispone que, "Cuando la Junta deniegue la libertad bajo palabra, expresará individualmente en su resolución las determinaciones de hecho y conclusiones de derecho que fundamentan dicha determinación, así como indicará la fecha (mes y año) en que volverá a considerar el caso."

Aun cuando la decisión de conceder o denegar los beneficios de libertad bajo palabra descansa en la entera discreción del Estado, y no existe un derecho a obtener tales beneficios, el procedimiento

para su concesión debe cumplir con ciertas salvaguardas procesales.[19]

Por último, y en lo que respecta a la Sección 3 de la mencionada Ley Núm. 85-2022, establece lo siguiente:

> Esta Ley aplicará de manera retroactiva, independientemente del Código Penal o Ley Penal Especial vigente al momento de los hechos delictivos, siempre y cuando resulte favorable para la persona condenada. Las cláusulas de prohibiciones absolutas de libertad bajo palabra en los delitos de leyes penales especiales no serán aplicables al caso de menores juzgados y sentenciados como adultos cuando contravengan lo aquí establecido.

**III.**

En su señalamiento de error, el recurrente solicita, en síntesis, que revoquemos la determinación de la Junta por no estar sostenida en evidencia sustancial y que demuestre que no cumplió con los requisitos requeridos por las leyes y los reglamentos. Alega que la referida determinación es ilegal, irrazonable y que violenta los parámetros establecidos en el Reglamento Núm. 9232 y su debido proceso de ley. Además, arguye que la Junta actuó de manera *ultra vires* al denegar el privilegio y sustentar su determinación en que alegadamente el señor Salas Cordero no contaba con un amigo consejero ni una oferta de empleo, ambos criterios necesarios para la concesión del mismo.

Por su lado, la Junta alega que el recurrente incumple con los requisitos para beneficiarse del privilegio de libertad bajo palabra, de acuerdo con el Reglamento Núm. 9232, al no cumplir con tener un amigo consejero al momento de la vista de consideración y al momento de la *Resolución de Reconsideración*. En específico, aducen que, el no contar con un amigo consejero, hacía su salida en libertad bajo palabra una inviable. Así las cosas, procedemos a resolver.

---

[19] *Maldonado Elías v. González Rivera*, supra, págs. 275-276.

Surge del expediente que en la *Resolución* emitida el 14 de marzo de 2023, notificada el 20 de marzo de 2023, la Junta determinó que el señor Salas Cordero no era un buen candidato para el privilegio de libertad bajo palabra, pues no cumplió con los requisitos de (1) oferta de empleo, (2) planes de estudios, y (3) candidato a amigo consejero. Dentro de su discreción como agencia administrativa, la Junta consideró los criterios necesarios para determinar si concedía o no el privilegio. En este caso, y según la prueba presentada ante la Junta, el señor Salas Cordero no era merecedor de dicho privilegio, por no cumplir con los criterios requeridos tanto por el Reglamento Núm. 9232 como por la Ley Núm. 118, supra.

De los hechos se desprende que el señor Salas Cordero presentó una carta de aceptación para el estado de Georgia emitida el 15 de diciembre de 2022. Como parte de sus alegaciones, el recurrente arguye que, al haber obtenido la aceptación en el programa de reciprocidad para cumplir su sentencia en el estado de Georgia, y en la reglamentación de ese estado no se requiere un amigo consejero, no es necesario que en este caso cumpliera con dicho requisito. No le asiste la razón.

Precisamente la ley en este caso requiere que el criterio de amigo consejero sea cumplido, para que la Junta lo tome en consideración al momento de otorgar o denegar el privilegio de libertad bajo palabra. El mero hecho de haber presentado la aceptación para cumplir su sentencia en el estado de Georgia no implica que automáticamente aplica la ley vigente en dicho estado y que el privilegio será concedido. Sino que la persona que solicita el privilegio de libertad bajo palabra debe cumplir con los todos requisitos de las leyes y reglamentos de nuestro ordenamiento jurídico, para que la Junta llegue a una determinación; si cumple o no con los criterios establecidos para ello. Además, la fecha de

emisión de la aceptación al estado de Georgia está fechada al 15 de diciembre de 2022, con vigencia de ciento veinte (120 días), por lo que al momento de emitirse la *Resolución* en reconsideración el 25 de abril de 2023, se encontraba vencida.

Enfatizamos que, según el Reglamento, el plan de salida requiere contar con un amigo consejero que coopere con la Junta y el Programa de Comunidad del Departamento de Corrección y Rehabilitación.[20] Además, el Reglamento dispone que la Junta debe corroborar que el candidato a amigo consejero resida en el área limítrofe al Programa de Comunidad con competencia y que tenga contacto frecuente con el recurrente.[21] Es preciso destacar que, la aceptación del amigo consejero no es automática. La persona que consiente a esta encomienda queda sujeta a investigación por parte de la Administración de Corrección.

El Programa de Reciprocidad del DCR comunicó a la Junta que el 26 de mayo de 2023, que al recurrente le fue aprobada una nueva carta de aceptación, la cual será considerada al evaluar el caso nuevamente en marzo de 2024. En vista de lo anterior, la Junta determinó correctamente que el recurrente no poseía, en el momento del proceso de consideración del privilegio de libertad bajo palabra, un amigo consejero para su plan de salida, por lo que no cumplió con los criterios establecidos por ley.

Por otro lado, la Junta tomó en consideración la opinión de las víctimas del delito cometido por el señor Salas Cordero, de la cual se desprende que no fue una positiva ni beneficiosa para el recurrente, pues estos temen por su vida, de este ser liberado de su sentencia. La Ley Núm. 118, en el Artículo 3-D (8) establece que uno de los criterios a tomar en consideración es la opinión de la víctima.

---

[20] Artículo X, Sección 10.1(B)(7)(f)(i), Reglamento de la Junta de Libertad Bajo Palabra, *supra.*
[21] Artículo X, Sección 10.1(B)(7)(f), Reglamento de la Junta de Libertad Bajo Palabra, *supra.*

Asimismo, el Artículo X, Sección 10.1 Reglamento Núm. 9232, dispone que entre los criterios de elegibilidad se encuentra la opinión de la víctima. En lo pertinente, dispone que "la opinión de la víctima constituye un factor a ser considerado por la Junta, pero la determinación sobre el grado de rehabilitación de un peticionario y si está capacitado para continuar cumpliendo su sentencia en la libre comunidad es prerrogativa de la Junta".

El marco de revisión de este Tribunal se circunscribe a un estándar de razonabilidad. En ese contexto, concluimos que la determinación recurrida se fundamentó en el expediente administrativo y constituyó una actuación razonable dentro de las prerrogativas de la agencia administrativa. Por ello, la determinación administrativa merece nuestra deferencia. Las determinaciones de hechos de organismos y agencias tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas. El señor Salas Cordero no demostró de manera indudable y fehaciente que la Junta actuó de manera caprichosa, irrazonable, ilegal o fuera del marco de los poderes delegados en ésta. Por todo lo anteriormente expuesto, confirmamos la *Resolución* recurrida.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Resolución* recurrida de la Junta de Libertad Bajo Palabra.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones